**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-41280
Summary Calendar

_____


ROBERT FOGLIA,

Plaintiff-Appellant,

VERSUS

MICHAEL N. MILBY, District Clerk,
Clerk of the United States District Court
for the Southern District of Texas;
and
UNITED STATES OF AMERICA,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Texas
(B-95-CV-85)
_____


November 11, 1997

REVISED OPINION


Before JONES, SMITH, and STEWART, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


    The appellant's motion for clarification is GRANTED. The

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

opinion issued on September 8, 1997, is hereby VACATED, and the following opinion is substituted, for the purpose of changing the analysis in part II.C.:

Robert Foglia appeals a dismissal of his claims brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401, *et seq.* Finding no error, we affirm.

I.

This action arises out of attorney Foglia's 1983 representation of two criminal defendants in the Southern District of Texas. Foglia posted bail in the amount of $50,000 for one of the defendants and $25,000 for the other. His co-counsel, Sheldon Weisfeld, posted the remaining $25,000 for the latter defendant.

In November 1983, the United States Department of Treasury gave notice to the Clerk of the Southern District that, pursuant to the Trading with the Enemy Act ("TWEA"), 50 U.S.C. App. § 1, *et seq.*, the bail monies were being blocked as Cuban assets. In April 1984, Foglia filed a motion for return of the $25,000 that he had posted for one of the defendants.[1] In June 1984, Foglia sought and was granted a stay of the proceedings pending his efforts to obtain relief through administrative channels, as required by TWEA.

In the meantime, Weisfeld filed a separate civil action

_____

[1] The other defendant has absconded from authorities.

2

seeking return of his bail monies.  After exhausting his administrative remedies, Weisfeld proceeded to trial in August 1989, whereupon the district court held that the blocking order was void and ordered release of the funds plus interest.

Notwithstanding his original filing of a motion for return of the $25,000 bail in 1984, Foglia waited until November 1994 to file a notice of claim with the Administrative Office of the United States Courts ("AO") seeking back interest since December 1983. Although the claim for back interest was denied by the AO, Foglia did receive his $25,000 principal plus interest earned from January 1995 through the date of release of the funds.

In June 1995, Foglia filed the instant action pursuant to the FTCA, alleging that the District Clerk negligently had failed to follow federal regulations that require the deposit in an interest-bearing account of all monies blocked under the TWEA.  The district court dismissed Foglia's complaint, finding that it was barred by the FTCA's two-year statute of limitations and that the United States had not waived sovereign immunity with respect to the alleged negligent acts.

## II.

We review *de novo* the grant of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1) and (6).  *See Federal Deposit Ins. Corp. v. Ernst & Young*, 967 F.2d 166, 169 (5th Cir. 1992).  Thus, we stand

3

in the same shoes as the district court in deciding the issue.

A.

Foglia argues that he has stated a claim under the FTCA because his cause of action for back interest is cognizable as a conversion claim under Texas law. Although he is correct that the FTCA waives sovereign immunity "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. 1346(b), the FTCA expressly excepts from its waiver of immunity claims "arising out of an act or omission of any employee of the Government in administering the provisions of [the Trading with the Enemy Act]." 28 U.S.C. § 2680(e). *See Price v. United States*, 69 F.3d 46, 52-53 (5th Cir. 1995), *modified on other grounds*, 81 F.3d 520 (5th Cir. 1996). Because Foglia's claim for back interest arises out of the Clerk's alleged failure to place his bail monies in an interest-bearing account, as required by the TWEA, jurisdiction does not lie under the FTCA.

Foglia acknowledges the § 2680(e) exception but argues that because the Clerk did not "administer[]" the provisions of the TWEA, it is inapposite. According to Foglia, "administering" requires that an individual use his discretion. He contends that because the Clerk was *required* by TWEA regulations to place the bail money in an interest-bearing account, no such discretion was

4

involved.

We do not dispute that "administering" may have such a connotation under certain circumstances, but we note that the term also encompasses the non-discretionary acts of executing or enforcing (or omitting to do the same). *Cf.* WEBSTER'S THIRD INTERNATIONAL DICTIONARY 27 (1986). Furthermore, in light of both our strict construction of the sovereign's limited waiver of immunity, *see Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995), and our prior recognition that the FTCA was not intended to redress breaches of federal statutes or regulations standing alone, *see Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (en banc), we adopt the term's broader definition and affirm.[2]

B.

Foglia next argues that the district court erred in failing to construe his FTCA claim as cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Foglia contends that the Department of the Treasury deprived him of property without due process by failing to follow the TWEA regulations that required depositing the blocked funds in an interest-bearing account.

Foglia does not dispute that negligent deprivations of

---

[2] That Foglia fashions his claim under the FTCA as one of conversion under Texas state law does not provide an end-run around the § 2680(e) exception from the limited waiver of sovereign immunity. The underlying facts that comprise the alleged conversionSSthe Clerk's failure to place the funds in an interest-bearing account as he was required to do by TWEA regulationsSSare those for which the § 2680(e) exception reinstates immunity for the sovereign.

property do not give rise to constitutional violations, *see Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), but insists that his underlying claim of conversion is an intentional tort. Not only do we disagree that under Texas law conversion requires intentional conduct, *see Lone Star Ford v. Hill*, 879 S.W.2d 116, 122 (Tex. App.SSHouston [14th Dist.] 1994, no writ), but, even assuming *arguendo* that such is the case, we note that Foglia's complaint speaks of negligent conduct only. Given that the plaintiff is the "master" of his complaint, *see Rivet v. Regions Bank*, 108 F.3d 576, 583 (5th Cir. 1997), *petition for cert. filed*, 65 U.S.L.W. 3839 (U.S. June 11, 1997) (No. 96-1971), Foglia has failed to allege conduct that would give rise to a *Bivens* claim.

## C.

Foglia asserts that the district court erred in failing to transfer this action to the United States Court of Federal Claims to be prosecuted as a claim arising under the Tucker Act, 28 U.S.C. § 1346. In his motion filed two weeks after the magistrate judge had recommended that the FTCA action be dismissed, Foglia moved to have this action transferred to the Court of Federal Claims; the district court took no specific action on the motion.

In his complaint, Foglia stated that "[t]he current action is one for the recovery of damages under the Federal Tort Claims Act."

The statute conferring jurisdiction on that court, however, specifically excludes "cases . . . sounding in tort." 28 U.S.C. § 1491(a)(1). The complaint mentions no claim that could be considered by the Court of Federal Claims. Accordingly, if we deem the district court impliedly to have denied the motion for transfer, there is no error in that decision.

AFFIRMED.